IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DANIEL W. JAMISON,**

    **Plaintiff,**

**v.**               **Civil Action No. 3:22cv552**

**LISSAN KASSA, MD,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Daniel W. Jamison, a Virginia inmate proceeding *pro se* and *in forma pauperis*, and a frequent litigant in the federal courts, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983.

contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994).

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Jamison's Complaint

The action proceeds on Jamison's Complaint in which he argues that Lissan Kassa, MD, and Janet Wurie, NP ("Defendants") failed to adequately treat his celiac disease during his incarceration in the Fairfax County Adult Detention Center, where he was housed from November 2, 2016, until March 20, 2018. (ECF No. 1, at 1, 6.)[2] Jamison alleges that during intake, he informed the nurse that he had celiac disease and "needed a gluten free diet along with no poultry [and] no strawberries." (ECF No. 1, at 6.) According to Jamison, Defendants treated him during that period, but never ordered any tests, did not follow up with his old medical providers, failed to provide him with a medical diet, and did not believe Jamison's statements that he had celiac disease. (ECF No. 1, at 6–9.) As a preliminary matter, the underlying facts on

---

[2] The Court corrects the capitalization and punctuation and omits the extraneous brackets in the quotations from Jamison's Complaint.

3

which Jamison's new claims are based are nearly identical to those alleged in a prior case in this Court in which Jamison complained about Dr. Kassa's and Nurse Wurie's alleged lack of treatment for celiac disease among other things. The Court extensively analyzed these claims and the evidence put forth, and, on summary judgment, found that Jamison's claims that Defendants denied him adequate medical care for celiac disease were entirely lacking in merit. *See Jamison v. Kincaid*, No. 1:21–cv–1062 (RDA/IDD), 2022 WL 981938, at *7–8 (E.D. Va. Mar. 30, 2022) (finding Jamison's claims that Nurse Wurie denied him adequate medical care or appropriate diet for celiac disease lacked merit); *Jamison v. Kincaid*, No. 3:19CV19, 2021 WL 4199997, at *16–17 (E.D. Va. Sept. 15, 2021) (finding that Dr. Kassa did not deny Jamison adequate medical care when she failed to obtain pre-incarceration records and provide appropriate treatment for celiac disease).[3]

To the extent that Jamison alleges that Defendants' actions violated his right to adequate medical care for celiac disease, these allegations have been resolved in favor of Defendants and will receive no further consideration here. *See Jamison*, 2022 WL 981938, at *7–8; *Jamison*, 2021 WL 4199997, at *16–17. However, Jamison now also contends that these actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the "Virginian's with Disabilities Act (COV. § 51.5–1 *et. seq.*)" because Defendants failed to make accommodations for his celiac disease. Jamison asks for monetary damages.

As discussed below, to the extent that Jamison's claims have not already been litigated, they are untimely and will be dismissed as frivolous.

---

[3] The current Complaint appears to be further argument in support of his claims in the prior action. *Jamison v. Kincaid* is closed, and the time has expired for arguing about the facts in that case.

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Jamison's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although Jamison's Complaint has many legal infirmities, it ultimately will be dismissed as frivolous for falling well outside the applicable statutes of limitations for both federal and state disability actions.

Jamison contends that Defendants violated his rights under the ADA and the similar Virginia act, the Virginia Rights of Persons with Disabilities Act ("VRPDA"). However, it is unclear from Jamison's Complaint under which Title of the ADA he brings his claims. Nevertheless, the Court construes Jamison to allege violations of Title II[4] and/or Title III[5] of the ADA. However, for the reasons stated below, Jamison's ADA claims, whether they are brought pursuant to Title II or Title III, and his VRPDA claims, are barred by the applicable statute of limitations.

The ADA itself does not contain a statute of limitations. *Thorne v. Hale*, No. 1:08CV601 (JCC), 2009 WL 890136, at *4 (E.D. Va. Mar. 26, 2009). Consequently, federal courts "borrow

---

[4] Title II of the ADA states, in relevant part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132.

[5] Title III of the ADA states, in relevant part, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

the state statute of limitations that applies to the most analogous state-law claim." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (citations omitted). The United States Court of Appeals for the Fourth Circuit has held that generally, the one-year statute of limitations in the VRPDA applies to ADA claims in Virginia.[6] *Id.* at 348; *see* Va. Code Ann. § 51.5–46 (B) (West 2023). Therefore, Jamison had one year from accrual of his ADA or VRPDA claims to file a Complaint alleging those claims.

When an ADA claim accrues is a matter of federal law. *A Soc'y Without A Name*, 655 F.3d at 348. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995)), *aff'd*, 372 F. App'x 432 (2010). "In order to dismiss a complaint *sua sponte* on the ground that the statute of limitations has expired, the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 11CV12, 11CV13, 11CV14, 11CV15, 11CV16, 11CV17, 11CV18, 11CV19, 11CV 20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

---

[6] The Court notes that although the Fourth Circuit's reasoning for adopting the Virginia Act as the appropriate analogous state-law was based on the statute's "express pronouncement that regulations promulgated pursuant to the statute 'shall be consistent, whenever applicable,'" with the ADA, *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (citing *A Soc'y Without A Name*, 655 F.3d at 349), the language relied on by the Court has been removed from the statute. *See* Va. Code Ann. § 51.5–40 (West 2023). However, because this Court finds no authority holding that a different statute of limitations applies to ADA claims in Virginia, the Court retains the VRPDA's one-year statute of limitations. In any event, Jamison's Complaint came to the Court than four years beyond the accrual date.

As evident from the face of his Complaint, Jamison was aware of Defendants' actions by no later than March 20, 2018, when he was transferred away from the Fairfax County Adult Detention Center and he no longer received treatment by Defendants. (ECF No. 1, at 6.) Thus, Jamison's ADA and VRPDA claims accrued no later than March 20, 2018.[7] Under the VRPDA's statute of limitations, Jamison had until March 20, 2019, to file a Complaint alleging Title II or Title III violations of the ADA.[8] However, Jamison failed to file his Complaint until mid-August 2022,[9] more than three years after the one-year statute of limitations period expired.

---

[7] The Court does not find a continuing violation of the ADA that could delay the accrual of the statute of limitations past March 20, 2019. At most, Jamison vaguely argues that he has been continually denied adequate medical care, albeit at different institutions, and somehow, that makes these two discreet Defendants liable. (ECF No. 1, at 27–28.) Defendants very clearly stopped providing Jamison with medical care on March 20, 2018, when he was transferred out of the Fairfax County Adult Detention Center. Moreover, in this Complaint, Jamison alleges violations of the ADA or the VRPDA. Defendants could no longer allegedly violate his rights under the ADA or VRPDA as of March 20, 2018, as they could no longer provide him with whatever accommodation he may have desired. In sum, "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)); *see A Soc'y Without A Name*, 655 F.3d 342 at 348.

[8] The Court also finds no ground for equitable tolling. Jamison would need to show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct," (3) prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *see Thorne*, 2009 WL 890136, at *6. At most, Jamison contends that COVID–19 inhibited his ability to litigate this action, (ECF No. 1, at 26–27), but the Court does not find this argument remotely availing. Jamison was involved in extensive litigation of the prior action against these same and other Defendants from 2019 through 2022. Although COVID-19 could amount to an extraordinary circumstance, Jamison clearly was not prevented from pursuing his claims. Moreover, Jamison could have simply amended his complaint in the prior action to bring ADA or VRPA claims. The Court finds no grounds for equitably tolling the applicable statute of limitations. *See Thorne,* 2009 WL 890136, at *6.

[9] Jamison's Complaint was notarized on August 8, 2022, and was received by the Court on August 17, 2022. (ECF No. 1, at 1, 33.)

Thus, Jamison's ADA and VRPDA claims are facially time-barred. *See A Soc'y Without A Name*, 655 F.3d at 348.

Accordingly, Jamison's ADA and VRPDA claims will be DISMISSED as FRIVOLOUS. *See Neitzke*, 490 U.S. at 325 (explaining that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). The action will be DISMISSED as FRIVOLOUS.

### IV. Conclusion

For the foregoing reasons, Jamison's claims and the action will be DISMISSED as FRIVOLOUS. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-9-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge